UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>KENTUCKY RIVER COMMUNITY CARE, INC., *et al.*,<br><br>    Defendants. | CIVIL ACTION NO. 5:14-280-KKC<br><br><u>OPINION AND ORDER</u> |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Community Care and Development and Management's ("CCDM") motion to dismiss (DE 77) and Defendants Kentucky River Community Care ("KRCC") and Go-Hire Employment and Development's ("Go-Hire") joint motion to dismiss. (DE 78.) Plaintiff Philadelphia Indemnity Insurance Company ("PIIC") has responded to both motions (DEs 79, 83), and CCDM (DE 82) and KRCC/Go-Hire (DE 86) have replied. The matter is now ripe for the Court's review. For the reasons set forth herein, both motions are GRANTED, and this matter is DISMISSED WITHOUT PREJUDICE.

I.

This declaratory judgment action was commenced by PIIC in this Court in July 2014 in response to a 2011 state court lawsuit against KRCC and Go-Hire by the Kentucky Retirement Systems Board of Trustees. (DE 1 at 2.) Plaintiff sought a declaratory judgment that PIIC did not have a defense or indemnity obligation under their policies to KRCC and Go-Hire as to the state court lawsuit. (DE 1 at 8.) Several months after this Court entered a Scheduling Order, KRCC moved to hold this matter in abeyance while related litigation

1

was resolved, and the Court stayed this matter in June 2015.  (DEs 23, 28.)  Over five years later, in October 2020, Plaintiff moved to lift the stay, and the litigation continued.  (DEs 31, 60.)  In March 2021, Plaintiff filed the Amended Complaint that is currently operative, which added CCDM and the KRS Board of Trustees as defendants.

Plaintiff's Amended Complaint references three sets of insurance policies: (1) the commercial general liability ("CGL") policies; (2) the "Umbrella" policies; and (3) the "FlexiPlus Five" policies.  (DE 65 at 6.)  Plaintiff seeks a declaratory judgment as to each of the policies. As to the CGL and Umbrella policies, Plaintiff seeks a declaratory judgment that it has no duty to defend or to indemnify KRCC, Go-Hire, or CCDM in the state court lawsuit under either set of policies.  (DE 65 at 7–11.)  As to the FlexiPlus Five policies, Plaintiff does not contest coverage as to defense costs—Plaintiff is providing defense coverage under the FlexiPlus Five D&O Policy (DE 78-1 at 5)—but Plaintiff seeks a declaratory judgment that it has no duty to indemnify KRCC, Go-Hire, or CCDM (the "moving Defendants") against the state court claims should any of them be found liable.  (DE 65 at 12–14.)  However, it is still uncertain whether KRCC, Go-Hire, or CCDM will in fact be found liable, as the state court proceedings are ongoing.  (DE 79 at 5; DE 77-1 at 3; DE 78-1 at 14.)

CCDM has filed one motion to dismiss (DE 77), and KRCC and Go-Hire have filed another.  (DE 78.)  PIIC has responded to both motions (DEs 79, 83), and CCDM (DE 82) and KRCC/Go-Hire (DE 86) have replied. The matter is now ripe for the Court's review.

## II.

Both motions to dismiss argue that this action should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because it is not yet ripe and, in the alternative, that the Court should decline to exercise jurisdiction under the Declaratory Judgment Act. Because a determination that the Court lacks subject matter jurisdiction due to ripeness issues would moot the issue of whether to exercise jurisdiction under the DJA, the Court will examine that

2

issue first. *See Am. Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) ("Subject matter jurisdiction is always a threshold determination.") (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)).

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). When reviewing a facial attack—like this one—a district court takes the allegations in the complaint as true and construes them in the light most favorable to the nonmoving party. *Id.* If those allegations establish federal claims—in this case, specifically, that the claims are ripe—jurisdiction exists. *Gentek Bldg. Prods.*, 491 F.3d at 330.

### III.

The moving Defendants argue that Plaintiff's claim is not ripe because Plaintiff does not contest the obligation to pay defense costs under the FlexiPlus Five D&O Policy, leaving indemnification as to the unresolved state court proceedings as the only matter in dispute. Plaintiff argues in opposition that the ripeness doctrine is discretionary and that the Court has sufficient information to rule on the indemnification issue in this case. Further, Plaintiff argues that it seeks a ruling from the Court on its duty to defend the moving Defendants under the CGL policies, which it says is a question ripe for adjudication.

The Sixth Circuit has discussed the significance and contours of the ripeness doctrine in the context of indemnification:

> Generally, a claim may not be adjudicated on its merits unless it is ripe. A claim is unripe when it is anchored in future events that may not occur as anticipated, or at all. This prohibition comes both from the case or controversy requirement of Article III and from prudential considerations. . . . The ripeness doctrine exists to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements. Application of this doctrine requires that the court exercise its discretion to determine if judicial resolution

3

> would be desirable under all of the circumstances. Of primary importance is whether the issues tendered are appropriate for judicial resolution, and, if so, the degree of hardship to the parties if judicial relief is denied before the claim is allowed to ripen further.

*Jackson v. City of Cleveland*, 925 F.3d 793, 807 (6th Cir. 2019) (internal citations and quotation marks omitted). Indemnification claims are frequently brought while unripe, and as a general matter, a claim for indemnification for damages should not be adjudicated on the merits until the underlying claim is adjudicated. *Id.* at 807–08; *see also Gambrel v. Knox Cty., Kentucky*, No.20-6027, 2022 WL 369348, at *14 (6th Cir. Feb. 8, 2022) (collecting cases to illustrate that courts often find indemnification claims unripe prior to the conclusion of litigation and noting that "[t]his question has an 'advisory quality' to it if a jury has yet to issue the monetary award, and a court may never have to answer the question if, say, the jury finds the insured not liable."). While there is a possible exception in cases where the outcome is completely certain, *Jackson*, 925 F.3d at 808, Plaintiff has not demonstrated that that exception should apply here.

"[I]n evaluating whether a claim is ripe, courts should determine (1) whether a matter is 'appropriate for judicial resolution' and (2) whether the parties would undergo hardship 'if judicial relief is denied' on their claim before it ripens further." *Id.* All parties agree that it is still an open question whether any of the moving Defendants will be found liable in the state court proceedings. (DE 79 at 6; DE 82 at 2; DE 86 at 11.) CCDM notes that the underlying state court case will likely proceed to a jury trial and, additionally, that it has preserved numerous issues for appeal. (DE 82 at 2–3.) KRCC and Go-Hire mention "factual and legal disputes yet to be adjudicated that may determine the liability of Defendants, including the relationship of each Defendant to KERS, whether any Defendant had employees in fact subject to the KERS, or whether KRCC could use contract employees." (DE 86 at 11.) Thus,

4

the issue of indemnification here appears to be exactly the kind of unripe issue that the Sixth Circuit has counseled against resolving before the underlying claims have been adjudicated.

As to Plaintiff's argument that the Court should adjudicate whether PIIC owes a duty to defend under the CGL policies (DE 79 at 8), the Court again struggles to see a live controversy. Plaintiff acknowledges that the underlying state court proceedings trigger defense coverage under the FlexiPlus Five D&O Policy (DE 83 at 4), and Plaintiff states that it does not contest coverage as to defense costs. (DE 65 at 13.) It appears that the moving Defendants do not currently seek defense coverage under any of the other policies. (DE 82 at 1 n.1; DE 86 at 11.) Thus, a determination by the Court as to Plaintiff's duty to defend under the CGL (or Umbrella) policies would not affect the current defense coverage the moving Defendants are receiving under the FlexiPlus Five D&O Policy. It is possible that such a determination will become relevant later, but the Court does not find this issue to be a live controversy appropriate for judicial resolution now.

No harm will befall the parties if judicial relief is denied for the time being. The underlying state court proceedings are ongoing, and allowing those proceedings to resolve will clarify the exact issues, if any, requiring judicial determination and the final factual and legal findings of the state court.

Because these claims are not ripe for judicial review, the Court lacks subject matter jurisdiction and will dismiss all claims without prejudice.

**IV.**

Accordingly, for the reasons set forth herein, IT IS HEREBY ORDERED that:

(1) Both motions to dismiss (DEs 77, 78) are GRANTED;

(2) All claims and counterclaims in this matter are DIMISSED WITHOUT PREJUDICE; and

(3) This matter is STRICKEN from the Court's active docket.

This 7th day of March, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY